# COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 24, 2022
Date Decided: August 25, 2022

Ned Weinberger, Esquire
Mark D. Richardson, Esquire
Labaton Sucharow LLP
222 Delaware Ave., Suite 1510
Wilmington, Delaware 19801

Rudolf Koch, Esquire
Kevin M. Gallagher, Esquire
Daniel E. Kaprow, Esquire
John M. O'Toole, Esquire
Melissa A. Lagoumis, Esquire
Richards Layton & Finger LLP
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801

Kevin R. Shannon, Esquire
Berton W. Ashman, Jr., Esquire
Jacqueline A. Rogers, Esquire
David A. Seal, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, Delaware 19801

Jon E. Abramczyk, Esquire
Alexandra Cumings, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801

Benjamin Schladweiler, Esquire
Sam Moultrie, Esquire
Greenberg Traurig LLP
1007 N. Orange Street, Suite 1200
Wilmington, Delaware 19899

Dear Counsel:

I address, for the second time in this action,[1] an unusual assertion of Delaware Lawyers' Rules of Professional Conduct 3.7(a) ("Rule 3.7(a)").

The lead plaintiff (the "Plaintiff") and defendants IDT Corporation, Howard Jonas, and The Patrick Henry Trust (together, the "IDT Defendants") submitted a proposed joint pretrial order on Thursday, August 18 (the "Pretrial Order").[2] The invocation of Rule 3.7(a) stems from certain witness sequestration provisions in the Pretrial Order.

As readers of this docket will recall, although trial is scheduled to go forward on the Plaintiff's claims against the IDT Defendants, the Plaintiff[3] had originally brought claims against numerous other individuals.[4] The original complaint in this action named certain directors of Straight Path Communications, Inc. ("Straight Path") as defendants for actions undertaken in support of their service on a Special

---

[1] *See In re Straight Path Commc'ns Inc. S'holder Litig.*, 2021 WL 2913069 (Del. Ch. July 12, 2021).
[2] Stipulated [Proposed] Joint Pretrial Order, Dkt. No. 657 [hereinafter "PTO"].
[3] I refer to the Plaintiff in the singular throughout this Letter Opinion despite the fact that this case was, at that stage, being championed by former co-lead plaintiffs JDS1, LLC and The Arbitrage Fund.
[4] *See, e.g.*, Verified Consolidated Am. Class Action and Derivative Compl., Dkt. No. 62.

Committee of the board of directors for Straight Path (the "Special Committee").[5] The Plaintiff later dismissed the Special Committee directors as defendants in this action.[6]

Actions of the Special Committee remain at issue in the case despite the dismissal of the pertinent directors as defendants. The IDT Defendants continue to challenge the viability of an indemnification claim (theoretically arising from a Separation and Distribution Agreement, here called the S&DA) that Straight Path sought to preserve against IDT Corporation ("IDT"), its former parent.[7] The S&DA prevented the assignment of any indemnification claim without consent from the indemnifying party.[8] Straight Path's Special Committee—prior to the sale of the contested indemnification claim—considered various theories that might allow the company to preserve the indemnification claim despite the company's impending sale to a buyer.[9] Among those theories was the creation of a litigation trust.[10] As truly interested readers may recall, Straight Path sold the contested indemnification claim before any such litigation trust was formally established.[11]

---

[5] *See* Verified Class Action and Derivative Compl. for Breach of Fiduciary Duties, Dkt. No. 1.
[6] Granted (Stipulation and [Proposed] Order of Dismissal of Certain Defs. Without Prejudice), Dkt. No. 37.
[7] *See generally In re Straight Path Commc'ns Inc. Consol. S'holder Litig.*, 2022 WL 484420 (Del. Ch. Feb. 17, 2022) ["*Straight Path II*"].
[8] Transmittal Decl. of Kevin M. Gallagher, Esquire Pursuant to 10 *Del. C.* § 3927 Supp. Opening Br. Supp. IDT Defs.' Mot. Summ. J., Ex. 1 § 11.05(b), Dkt. No. 442.
[9] *Straight Path II*, 2022 WL 484420, at *12.
[10] *Id.*
[11] *See id.* at *7.

The Special Committee was, of course, represented by counsel.[12] Their lead counsel ("Special Committee's Counsel") in the matter was deposed[13] and has been identified as a witness that both the Plaintiff and the IDT Defendants expect to call at trial.[14] Although the Special Committee directors are no longer defendants in this action, they have all also been identified as witnesses from whom both the Plaintiff and the IDT Defendants expect to offer testimony at trial.[15]

Thus a return to the instant dispute. Morris Nichols, acting as counsel[16] for the Special Committee, filed a letter on August 23, the day prior to the scheduled pretrial conference in this matter, indicating a concern with a witness sequestration provision included in the Pretrial Order.[17] That letter sought a modification allowing Special Committee's Counsel to "represent the [Special Committee d]irectors during their testimony at trial in this matter," despite the fact that Special Committee's Counsel is anticipated to also be called as a fact witness at trial.[18] At the pretrial conference, Morris Nichols clarified that the representation—if any—undertaken by

---

[12] *See, e.g.*, *id.* at *6.
[13] *Id.* at *12.
[14] PTO, ¶ 210 (Plaintiff identifying Mr. Fortinsky as an anticipated witness); *id.* ¶ 213 (IDT Defendants identifying Mr. Fortinsky as an anticipated witness).
[15] *See id.* ¶ 210 (Plaintiff identifying K. Chris Todd, William Weld, and Fred Zeidman as anticipated witnesses); *id.* ¶ 213 (IDT Defendants identifying Chris Todd, Bill Weld, and Fred Zeidman as anticipated witnesses).
[16] A separate firm, and thus not referred to as "Special Committee's Counsel" here.
[17] Letter to V.C. Glasscock from Jon E. Abramczyk Concerning the Proposed Pretrial Order Filed by the Parties, Dated August 18, 2022, Dkt. No. 663.
[18] *Id.* at 1–2.

Special Committee's Counsel is anticipated to be "asserting the Special Committee's privilege[.]"

The IDT Defendants put in a responsive letter prior to the pretrial conference.[19]  Their letter takes the position that, if Special Committee's Counsel both testifies as a fact witness and represents the Special Committee at trial, those actions would (1) violate the witness sequestration terms of the Pretrial Order and (2) run afoul of Rule 3.7(a).[20]

At this stage, I have entered the Pretrial Order, which contains provisions requiring witnesses to be excluded from the Court such that they cannot hear other witness testimony consistent with Delaware Rule of Evidence 615.[21]  At the conclusion of the pretrial conference, following argument on the timing and appropriateness of Special Committee's Counsel's testimony and appearance at trial, I asked the attorneys to submit a letter to me by Friday, August 26 at noon, concerning attempts to reconcile these issues.  I consider the matter of Rule 3.7(a) submitted for decision, and in light of the impending trial, address it here.[22]

---

[19] Letter to The Honorable Sam Glasscock III from Rudolf Koch Dated August 23, 2022 Regarding IDT Defs.' Response to Mr. Abramczyk's August 23, 2022 Letter, Dkt. No. 664.

[20] *Id.* at 1.

[21] PTO ¶ 226.

[22] I note that there has been no showing of, and no argument about, the IDT Defendants' standing to argue that Special Committee's Counsel's testifying might conflict with Rule 3.7(a). However, our Supreme Court has clarified that it is appropriate for a trial court to raise this issue *ex mero motu*, if necessary.  *See Matter of Estate of Waters*, 647 A.2d 1091, 1095 (Del. 1994).  I am therefore satisfied that I may consider this issue even without first addressing the IDT Defendants' standing.  I am also satisfied that, although "[e]nforcement of the ethical rules of

Rule 3.7(a) reads:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.[23]

None of the parties asserts that any of the exceptions applies, so I do not consider them here.[24] And it is patently likely that Special Committee's Counsel will be called as a witness given his inclusion on both Plaintiff's and IDT Defendants' lists. The rule, then, reads fairly clear-cut: such a lawyer shall not act as an advocate at trial.

The Plaintiff—who seeks to examine Special Committee's Counsel live, rather than by deposition (another potential solution)—encourages me to find that Special Committee Counsel's role is not that of an *advocate* under the rule, given

---

conduct is solely within the purview of the Supreme Court," it is appropriate for me to address this dispute "to ensure the fairness of the proceedings." *See In re Straight Path Commc'ns Inc. S'holder Litig.*, 2021 WL 2913069, at *4 (citing *Appeal of Infotechnology, Inc.*, 582 A.2d 215, 220 (Del. 1990)); *Waters*, 647 A.2d at 1098 (citation omitted) ("The Court of Chancery had full power to control the parties and counsel to ensure the fairness of the proceedings. It was plain error to permit [counsel] to undermine the integrity of the adversary process by participating as a trial attorney in a proceeding in which he was a central witness on the contested issues being adjudicated.").

[23] Del. Laws.' R. Pro. Conduct 3.7(a).

[24] The Special Committee, of course, *prefers* to be represented by its chosen counsel, but other competent representation is undoubtedly available to it.

that Special Committee's Counsel would merely be asserting (and arguing for) privilege.[25]

A review of this state's caselaw referencing Rule 3.7(a) provides limited discussion addressing what constitutes advocacy. *Delaware Trust Company v. Brady*, for one, suggests that the existence of a lawyer-client relationship may be sufficient to be problematic.[26] By contrast, *In re Oxbow Carbon LLC Unitholder Litigation* finds that principal counsel for a party, who was *present* throughout trial but did not conduct any examination, did not act as an advocate at trial for his client.[27] That attorney was permitted to testify as a rebuttal fact witness.[28] (*Oxbow* did not indicate whether the counsel in question raised any objections on basis of privilege or otherwise during the trial.)[29]

In *Oxbow*, the Court had the benefit of the trial's near-completion, and the *knowledge* that the attorney proffered as a rebuttal fact witness had *definitively not*

---

[25] Further, Morris Nichols suggests that Rule 3.7(a) is aimed at preventing confusion only for the trier of fact, and that the rule might apply with less force here, where the trial in question is a bench trial. I am not convinced that this is the case in light of the Supreme Court's holding in *Waters*, 647 A.2d 1091. While *Waters* does not directly address the question, the opinion *does* reverse the Court of Chancery on the basis of Rule 3.7(a). *See id.* at 1098. This obviates the argument that potential confusion is the sole, or primary, animating force behind Rule 3.7(a).

[26] *See Del. Tr. Co. v. Brady*, 1988 WL 94741, at *3 (Del. Ch. Sept. 14, 1988) ("The second basis offered to remove his adversaries' counsel from the field is the assertion that that firm represented him in connection with trust administration and cannot now sue him with respect to that same matter. The assertion that a lawyer-client relationship exists requires a realistic assessment of all aspects of the relationship.").

[27] 2017 WL 3207155, at *7 (Del. Ch. July 28, 2017).

[28] *See id.*

[29] *See generally id.*

7

acted as an advocate throughout the duration of the trial.[30] By contrast, here I am asked to assess whether an attorney, who admittedly *may* take actions on behalf of his client at trial (in that asserting privilege is engaging in litigation practice), may also testify as a fact witness in the same case.

In my view, asserting privilege on behalf of one's clients, and arguing that the privilege should apply, must fall under the umbrella of litigation practice, and therefore of advocacy.[31] As such, it would be improper to sustain Special Committee's Counsel's ability to act both as a fact witness and as a representative of the Special Committee at trial. Additionally problematic here is that Special Committee's Counsel's testimony would presumably concern facts that overlap with the subject of the examination of the committee members that he represents—facts which are likely central to a primary issue in this matter.[32] I find that he cannot engage in both testimony and representation.

---

[30] I note also the distinction between a rebuttal fact witness and a case-in-chief witness. In my understanding, Special Committee's Counsel is designated as potentially a case-in-chief witness by both Plaintiff and IDT Defendants. It strikes me that the attorney's participation as a witness in this situation is more "necessary" under Rule 3.7(a) than the attorney's participation in *Oxbow*, such that a stricter read of the rule is appropriate here.

[31] *Cf., e.g.*, *Twin Spans Bus. Park, LLC v. Cincinnati Ins. Co.*, 2021 WL 5161836, at *8 (D. Del. Nov. 5, 2021) (emphasis added) (finding that an attorney who was a necessary witness would "not be permitted to serve as Plaintiffs' *counsel in the courtroom*"); *Princeton Digit. Image Corp. v. Off. Depot Inc.*, 2017 WL 3573812, at *1 (D. Del. Aug. 17, 2017) (stating that an attorney who was a necessary witness "will not be permitted to sit at counsel table or have a presence in the courtroom distinct from that of other fact witnesses").

[32] *See Waters*, 647 A.2d at 1098 (error for trial court to fail to raise Rule 3.7(a) *sua sponte* where attorney a "central witness").

To be clear: this disagreement has not been styled as a motion, and I do not disqualify Special Committee's Counsel from representing the Special Committee at trial, here.[33]  My holding is simply that Special Committee's Counsel may not *both* testify at trial as a fact witness and act as an advocate for the Special Committee's privilege at trial.  The parties should meet and confer and inform me of the Special Committee's Counsel's decision, as well as the parties' position on remaining issues, as part of the report I directed counsel to provide by noon on Friday, August 26.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Vice Chancellor Sam Glasscock III

---

[33] *Cf. Brady*, 1988 WL 94741, at *2 ("[D]isqualification is itself a weighty step.  In forcing it, a court is necessarily depriving one of the litigation adversaries of the advice, counsel and assistance of the lawyer of his choice at the behest of his litigation adversary.").